Gibbs *v.* Patten.

W. B. GIBBS *v.* A. H. PATTEN *et als.*

1. HOMESTEAD. *Fraudulent Conveyance.* A homestead cannot be claimed against creditors, in realty fraudulently conveyed by the husband to the wife, if at the date of conveyance, the husband and wife were occupying other property as a homestead, also included in the fraudulent conveyance.

2. CHANCERY PRACTICE. *Sale free from redemption upon application of creditors.* As a general rule, a creditor who asks for a sale of property free from redemption by his bill, is entitled to a decree accordingly, and an appeal will not be sustained on that ground, unless the case be very exceptional.

FROM OBION.

Appeal from the Chancery Court at Union City. JOHN SOMERS, Ch.

GIBBS & WADDELL for complainant.

F. W. MOORE for defendants.

COOPER, J., delivered the opinion of the Court.

On the 19th of February, 1873, A. H. Patten, for the nominal consideration of five dollars, conveyed to his wife, Mary H. Patten, all his property, consisting of four parcels of land, separately described, lying in and adjoining Union City.   One of these was the lot on which he was then residing with his family, known as the McBride place.   Another was a lot in the city, which was a store house.   Another was an improved lot of seven or eight acres bought from R. M. Patten, and the fourth consisted of twelve acres bought from Evans, adjoining the other and fenced in with it. Afterwards, during the year 1873, Patten sold the first two of these lots, and moved with his family on to the third lot, about the first of January, 1874.   On the 10th of February, 1874, Patten and wife joined in a deed conveying the twelve acre lot to T. J. Edwards, for the recited consideration of $1,000.   On the 2d of February, 1875, Edwards, reciting the same consideration; made a quit claim deed of this land back to Patten and wife.   No consideration in fact passed between the parties on either occasion, and the conveyance to Edwards seems to have been made without consulting him.   About the first of the year 1875, Patten removed with his family to a rented farm, returning to the Patten place in July or August of the same year.

On the 28th of June, 1875, the complainant, W. B. Gibbs, as a creditor of A. H. Patten, by the payment, on the 7th of August, 1874, of a debt as his surety, contracted on the 3d of September, 1873, filed this bill for the purpose of subjecting to the satisfaction of his demand, the tract of twelve acres above mentioned, upon the ground that the several conveyances thereof were without consideration, fraudulent and void as to creditors. Patten and wife claim a homestead in the lot on which they reside, and insist that they are entitled to extend the homestead claim to so much of the twelve acre lot as may be necessary to make up the value of the homestead exemption, $1,000. The Chancellor, by the final decree, appointed commissioners to lay off the homestead in both lots, if necessary, and ordered the surplus land, and the remainder interest in the homestead to be sold on time, free from the equity of redemption, to satisfy the complainant's demand, setting aside the various conveyances as fraudulent and void.

Patten and wife took a special appeal from so much of the decree as ordered a sale of the remainder interest in the homestead land, and as directed the sale to be free from the equity of redemption.

The complainant has brought the case up by writ of error. No effort has been made to sustain the conveyance of Patten to his wife, or the deeds between Patten and wife and Edwards, conveying and re-conveying the twelve acre lot. Their invalidity, as against the complainant as a creditor of Patten, is conceded. The contest has been narrowed down to the extent of

the homestead right, and the sale of the remainder interest therein, and the terms of sale. The bill is so framed as to limit the complainant's relief entirely to the lot of twelve acres. The right of the defendants to a homestead in the adjoining lot on which they reside is not in issue. Their claim to extend the homestead to any part of the twelve acre lot is contested.

Whether the homestead right is lost by a fraudulent conveyance by the husband to the wife, is one of the innumerable vexed questions to which the homestead law has given rise. The authorities, *pro* and *con*, are collected, with his usual discriminating industry, by Mr. Thompson, in his valuable work on Homestead and Exemptions, section 408, note. This State, it will be seen, has ranged itself with those States which hold that such a conveyance estops the husband and wife from claiming a homestead in the premises conveyed. *McClung* v. *Johnson*, 2 Law and Equity R., 78. And, notwithstanding the larger array of authority on the other side, I am not prepared to say that the decision is not founded in purer ethics, in that it visits fraud with severer penalties. Be that as it may, the most satisfactory reason for the opposite conclusion is, that the homestead being exempt from creditors, the latter cannot be injured by any disposition which may be made of it, and cannot, therefore, predicate fraud of any conveyance of the property. It is upon this ground that the English doctrine rests, that in order to make a voluntary conveyance void as to creditors, it is indispensable that it should transfer property

which would be liable to be taken in execution for the payment of debts. 1 Sto. Eq. Jur., section 367. It is obvious, however, that this doctrine can only apply to the homestead when the creditor is seeking to reach the property in which the husband and wife had a homestead at the time of the fraudulent conveyance. It can have no application to property not occupied as a homestead at the date of the fraudulent conveyance. For, having no homestead right then, the husband could not afterwards acquire the right in property to which he had no title. The property was subject to the demands of creditors when conveyed, and if the conveyance is to be set aside as to creditors, it must stand precisely as if no conveyance had been made, to the extent of the rights of such creditors. The homestead was in the McBride lot at date of the homestead deed, not in the R. M. Patten lot, or any part of the twelve acres in controversy. The conveyance to, and re-conveyance by Edwards, being void as to creditors, cannot change this result. Besides, Patten's own testimony is, that "during part of the year 1875, he was not actually occupying the adjoining premises," and the proof is clear that he did not return to those premises until after the filing of the complainant's bill.

The previous occupancy of those premises, while it might sustain the homestead right therein, notwithstanding a temporary absence, would not extend to the twelve acres of which he was not then the owner. It is not a case for the extension of the doctrine of occupancy by relation. *Wade* v. *Wade*, 2 Tenn. Leg. R., 10.

The complainant is entitled to subject the tract of land sought to be reached by the bill to the satisfaction of his demand. His bill does not justify any decree touching the adjoining tract. Having asked in his bill for a sale of the property free from any equity of redemption, he is clearly entitled to it, unless it may be a very exceptional case, and such a case must be made out to sustain an appeal for the purpose of modifying a decree in that regard. No such circumstances exist in this case.

A decree will be entered in accordance with this opinion, and the defendants will pay the costs of this case.